UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-1282 CAS (OPx) | Date | October 12, 2011 |
|---|---|---|---|
| Title | ANNETH LOPEZ, ET AL.  v. TARGET CORPORATION | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Rita Sanchez | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** (In Chambers:) **PLAINTIFFS' MOTION FOR ORDER REMANDING CASE TO STATE COURT** (Filed August 18, 2011)

## I.      INTRODUCTION AND BACKGROUND

The Court finds this motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.

On June 27, 2011, plaintiffs Anneth Lopez and Arturo Valenzuela ("plaintiffs") filed the instant action against defendants Target Corporation, a Minnesota corporation and DOES 1 to 50, inclusive in the Riverside County Superior Court.  The complaint alleges damages exclusively under California law and arises out of a slip-and-fall that occurred on the premises of a Target store.

On August 12, 2011, defendant Target Corporation ("Target") removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 (a) and 1441(a).  (Dkt. 1)  Target maintains diversity exists because it is a citizen of Minnesota.

On August 18, 2011, plaintiffs filed the instant motion to remand.  On August 29, 2011, Target filed an opposition to plaintiffs' motion.  Plaintiffs replied on September 2, 2011.  After carefully considering the parties' arguments, the Court finds and concludes as follows.

/ / / /

/ / / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-1282 CAS (OPx) | Date | October 12, 2011 |
|---|---|---|---|
| Title | ANNETH LOPEZ, ET AL. v. TARGET CORPORATION | | |

## II. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court construes the removal statutes against removal jurisdiction, and jurisdiction is rejected if there is doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is often referred to as the corporation's "nerve center." This nerve center is generally at the corporate headquarters, "provided that the headquarters is the actual center of direction, control, and coordination...not simply an office where the corporation holds its board meetings." Hertz Corp. v. Friend, 130 S.Ct. 1181, 1192.

## III. DISCUSSION

In plaintiffs' Motion to Remand, plaintiffs state that the "amount in controversy exceeds $75,000.00." Pls. Mot. at 2. Plaintiffs move to remand on the basis that Target Corporation did not meet its burden to prove that Minnesota, rather than California, is its principal place of business[1]. Id. at 2, 3.

---

[1] On September 9, 2011, plaintiffs filed an ex parte request for an order substituting the true name of defendant DOE. Plaintiffs sought to add "Andrea Anderson" as a party to this action, but did not include any alleged facts that give rise to Ms. Anderson's individual liability in this case. On September 12, 2011, Target filed its opposition to plaintiffs' ex parte application. The opposition states that Ms. Anderson is an employee

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-1282 CAS (OPx) | Date | October 12, 2011 |
|---|---|---|---|
| Title | ANNETH LOPEZ, ET AL. v. TARGET CORPORATION | | |

In its Opposition, Target asserts that it is incorporated in Minnesota and its principal place of business is also in Minnesota. Target asserts its headquarters was established in Minneapolis, Minnesota and argues that this headquarters acts as the nerve center for nation-wide operations. Opp. at 4. Target argues that the Minnesota headquarters is the nerve center as evidenced by the fact that 11,000 executive and administrative employees directed, control and coordinate all operations from this location. Opp. at 6., Lockwood Decl. ¶¶ 4-5.

The Court finds that under Hertz, defendant Target's principal place of business is Minnesota. The Court also notes that other courts have determined Target's principal place of business is Minnesota. See e.g., Harbour v. Target, 2010 WL 2511340 (C.D. Cal. June 16, 2010); Castellanos v. Target Corp., 2011 WL 384292 (S.D. Fla. Feb. 3, 2011). Therefore, this Court has subject matter jurisdiction over the instant case based on diversity jurisdiction.

## IV.  CONCLUSION

In accordance with the foregoing, the Court hereby DENIES plaintiffs' motion for an order remanding the case to the Riverside County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | RS | | |

---

of Target who took a guest incident report from the injured party after her slip and fall. Target argues that Ms. Anderson was acting in her capacity as an employee of Target and that no independent basis for liability exists. Plaintiffs' reply in support of the application, filed on September 13, alleges Ms. Anderson, the store manager, is liable because she was responsible for the dangerous condition. This Court finds that Ms. Anderson should not be added as a DOE defendant in this matter because plaintiffs have failed to allege sufficient facts to support a basis for establishing her individual liability.