1
2
3
4
5

**Marc A. Trachtman, Esq. (SBN 167820)**
**mtrachtman@trachtmanlaw.com**
**Mathew J. Vande Wydeven, Esq. (SBN 137432)**
**mvande@trachtmanlaw.com**
**TRACHTMAN & TRACHTMAN**
**27401 Los Altos, Suite 300**
**Mission Viejo, CA  92691**
**Telephone:  (949) 282-0100**
**Facsimile:  (949) 282-0111**

6   Attorneys for Defendant TARGET STORES, a division of
7   TARGET CORPORATION (erroneously sued and served
    as TARGET CORPORATION, a Minnesota corporation)

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   ANNETH LOPEZ and ARTURO      )   **CASE NO. EDCV11-1282 CAS (OPx)**
     VALENZUELA, wife and husband, )
12                                 )
                                   )
13          Plaintiffs,            )
                                   )   **ORDER APPROVING STIPULATED**
14          vs.                    )   **PROTECTIVE ORDER**
                                   )
15   TARGET CORPORATION, a         )   **\*\*see change at pg 4 line 6.**
     Minnesota corporation; and DOES 1 )
16   TO 50,                        )
                                   )   **Christina A. Snyder,**
17          Defendants.            )   **U.S. District Judge**
                                   )
18                                 )
                                   )
19   _____  )

20          On or about February 17, 2012, the parties to the within action submitted a

21   proposed STIPULATED PROTECTIVE ORDER which is intended to protect

22   material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which

23   constitutes or contains trade secrets or other confidential research, development,

24   or commercial information of the parties ("Confidential Material").

25          Having considered the stipulation between Plaintiffs ANNETH LOPEZ and

26   ARTURO  VALENZUELA  and  Defendant  TARGET  STORES,  a  division  of

27   TARGET CORPORATION, and good cause appearing:

28

_____
**ORDER APPROVING STIPULATED PROTECTIVE ORDER**

1   IT IS HEREBY ORDERED that the proposed STIPULATED
2   PROTECTIVE ORDER is approved as follows:

3       1.   This Order is meant to encompass all forms of disclosure which may
4   contain Confidential Material, including any document, pleading, motion, exhibit,
5   declaration, affidavit, deposition transcript, inspection and all other tangible items
6   (electronic media, photographs, videocassettes, etc.).

7       2.   The parties may designate any <u>Confidential Material</u> produced or
8   filed in this Lawsuit as confidential and subject to the terms of this Order by
9   marking such materials "Confidential". <u>If any material has multiple pages, this</u>
10  <u>designation should be placed on each and every page of such material.</u>  Any
11  material designated as "Confidential" shall not be disclosed to any person or
12  entity, except to the parties, counsel for the respective parties, and expert
13  witnesses assisting counsel in this Lawsuit, and the Court.

14      3.   Any material designated as confidential pursuant to paragraph 2
15  above shall be used solely for the purposes of this Lawsuit and for no other
16  purpose.

17      4.   Prior to disclosure of any Confidential Material, each person to
18  whom disclosure is to be made shall execute a written "Confidentiality
19  Agreement" consenting to be bound by the terms of this Order.  The parties,
20  counsel for the respective parties (including legal assistants and other personnel)
21  and the Court are deemed to be bound by this Order and are not required to
22  execute a Confidentiality Agreement.

23      5.   Only counsel of record in this Lawsuit shall be permitted to
24  disseminate Confidential Material.  Upon dissemination of any Confidential
25  Material, each non-designating counsel of record in this Lawsuit shall maintain a
26  written record as to: (1) the identity of any person given Confidential Material,
27  and (2) the identity of the Confidential Material so disseminated (such as by
28

-2-
_____
**ORDER APPROVING STIPULATED PROTECTIVE ORDER**

1 "Bates stamp" number).  Such record shall be made available to the designating
2 party upon request.

3       6.     If additional persons become parties to this Lawsuit, they shall not
4 have access to any Confidential Material until they execute and file with the Court
5 their written agreement to be bound by the terms of this Order.

6       7.     In the event that any question is asked at a deposition that calls for
7 the disclosure of Confidential Material, the witness shall answer such question
8 (unless otherwise instructed not to do so on grounds of privilege) provided that the
9 only persons in attendance at the deposition are persons who are qualified to
10 receive such information pursuant to this Order.  Deposition testimony may be
11 designated as confidential following the testimony having been given provided
12 that: (1) such testimony is identified and designated on the record at the
13 deposition, or (2) non-designating counsel is notified of the designation in writing
14 within thirty days after receipt by the designating party of the respective
15 deposition transcript.  All deposition transcripts in their entirety shall be treated in
16 the interim as "Confidential" pursuant to paragraph 2 above.  When Confidential
17 Material is incorporated in a deposition transcript, the party designating such
18 information confidential shall make arrangements with the court reporter not to
19 disclose any information except in accordance with the terms of this Order.

20       8.     If a deponent refuses to execute a Confidentiality Agreement,
21 disclosure of Confidential Material during the deposition shall not constitute a
22 waiver of confidentiality.  Under such circumstances, the witness shall sign the
23 original deposition transcript in the presence of the court reporter and no copy of
24 the transcript or exhibits shall be given to the deponent.

25       9.     With respect to any communications to the Court including any
26 pleadings, motions or other papers, all documents containing Confidential
27 Material shall be communicated to the Court in a sealed envelope or other
28 appropriate sealed container on which shall be written the caption of this Lawsuit,

**ORDER APPROVING STIPULATED PROTECTIVE ORDER**

1    an indication of the nature of the contents of the sealed envelope or container, and

2    the words "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE

3    ORDER".   All communications shall indicate clearly which portions are

4    designated to be "Confidential".   Any communications containing Confidential

5    Material shall be returned to the submitting party upon termination of this Lawsuit

6    (whether by dismissal or final judgment). **The Parties Shall Comply with Local**

7    **Rule 79-5.**

8         10.    The Clerk of this Court is directed to maintain all communications

9    received by the Court pursuant to paragraph 9 above under seal.   All such

10   communications shall be maintained in the Court's file in a sealed envelope or

11   other appropriate sealed container on which shall be written the caption of this

12   Lawsuit, an indication of the nature of the contents of the sealed envelope or

13   container, and the following statement: "Enclosed are confidential materials filed

14   in this case pursuant to a Protective Order entered by the Court, and the contents

15   shall not be examined except pursuant to further order of the Court."

16        11.    If a non-designating party is subpoenaed or ordered to produce

17   Confidential Material by another court or administrative agency, such party shall

18   promptly notify the designating party of the pending subpoena or order and shall

19   not produce any Confidential Material until the designating party has had

20   reasonable time to object or otherwise take appropriate steps to protect such

21   Confidential Material.

22        12.    If a party believes that any Confidential Material does not contain

23   confidential information, it may contest the applicability of this Order to such

24   information by notifying the designating party's counsel in writing and identifying

25   the information contested.   The parties shall have thirty days after such notice to

26   meet and confer and attempt to resolve the issue.   If the dispute is not resolved

27   within such period, the party seeking the protection shall have thirty days in which

28   to make a motion for a protective order with respect to contested information.

-4-

1 Information that is subject to a dispute as to whether it is properly designated shall
2 be treated as designated in accordance with the provisions of this Order until the
3 Court issues a ruling.

4      13.    Inadvertent failure to designate any material "Confidential" shall not
5 constitute a waiver of an otherwise valid claim of confidentiality pursuant to this
6 Order, so long as a claim of confidentiality is asserted within fifteen days after
7 discovery of the inadvertent failure.  At such time, arrangements shall be made by
8 the parties to designate the material "Confidential" in accordance with this Order.

9      14.    This Order shall be without prejudice to the right of any party to
10 oppose production of any information or object to its admissibility into evidence.

11      15.    When any counsel of record in this Lawsuit or any attorney who has
12 executed a Confidentiality Agreement becomes aware of any violation of this
13 Order, or of facts constituting good cause to believe that a violation of this Order
14 may have occurred, such attorney shall report that there may have been a violation
15 of this Order to the Court and all counsel of record.

16      16.    Within thirty days after the termination of this Lawsuit (whether by
17 dismissal or final judgment), all Confidential Material (including all copies) shall
18 be returned to counsel for the designating party.  In addition, counsel returning
19 such material shall execute an affidavit verifying that all Confidential Material
20 produced to such counsel and any subsequently made copies are being returned in
21 their entirety pursuant to the terms of this Order.  Such a representation fully
22 contemplates that returning counsel has: (1) contacted all persons to whom that
23 counsel disseminated Confidential Material, and (2) confirmed that all such
24 material has been returned to disseminating counsel.

25 ///
26 ///
27 ///
28 ///

**ORDER APPROVING STIPULATED PROTECTIVE ORDER**

1   ///

2          17.    After the termination of this Lawsuit, the provisions of this Order

3   shall continue to be binding and this Court shall retain jurisdiction over the parties

4   and any other person who has access to documents and information produced

5   pursuant to this Order for the sole purpose of enforcement of its provisions.

6          IT IS SO ORDERED.

7

8   Dated:   3/5/12                              _____

9                                                       Oswald Parada
                                                        U.S. Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER APPROVING STIPULATED PROTECTIVE ORDER**

**PROOF OF SERVICE**
**FRCP 5**

**State of California** )
 ) **ss.**
**County of Orange** )

I, Paula Ward, the undersigned, am over the age of 18 years and not a party to this action.  I am employed with the law firm of Trachtman & Trachtman, whose address is 27401 Los Altos, Suite 300, Mission Viejo, California 92691.

On February 17, 2012, I served the interested parties in this action with the following documents:

**[PROPOSED] ORDER APPROVING**
**STIPULATED PROTECTIVE ORDER**

as follows:

| *[ XX ] BY ELECTRONIC TRANSMISSION:* | rj@bhattorneys.com |
|---|---|
| I caused such document to be electronically transmitted via United States District Court, Central District of California, which is then printed and maintained with the original documents in our office. | |

*[ ]    BY MAIL:*  I deposited such envelope in the mail at Mission Viejo, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firms' practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Mission Viejo, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(  ) placing (  ) the original (  ) a true copy thereof enclosed in the sealed envelopes addressed as follows:

///

///

///

**ORDER APPROVING STIPULATED PROTECTIVE ORDER**

1   Raphael D. Javid, Esq.
2   Steven Hilst, Esq.
    **Banafsheh, Danesh & Javid, PL**
3   9454 Wilshire Blvd., Suite 830
4   Beverly Hills, CA  90212
    T:  (310) 275-9996
5   F:  (310) 275-9986
6   **Attorney for Plaintiffs**

7
            I declare under penalty of perjury under the laws of the State of California
8   that the above is true and correct.

9
            Executed on February 17, 2012, at Mission Viejo, California.
10

11   _____
                            Paula Ward, Declarant
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-
_____
**ORDER APPROVING STIPULATED PROTECTIVE ORDER**